USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAMELA K. MARTENS, et al.,

                       Plaintiffs,

     - against -

SMITH BARNEY INC., et al.,

                       Defendants.

---

96 Civ. 3779 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

This is a motion by the defendant Smith Barney, Inc. ("Smith Barney") to reopen this action and to enjoin certain plaintiffs in this action from proceeding with a class action in the United States District Court for the Northern District of California entitled Amochaev v. Citigroup Global Markets, Inc., d/b/a Smith Barney, 3:05-CV-01298 (PJH) ("Amochaev"). Smith Barney argues that the Amochaev action includes allegations about Smith Barney's policy with respect to the distribution of accounts among its financial consultants, and that those allegations relate to this action because the distribution policy was developed in accordance with the stipulation of settlement between the parties in this action (the "Settlement Stipulation"). (Ex. B to Declaration of Jay Cohen dated June 9, 2005 ("Cohen Decl."), ¶ 8.2(1)(1).) Smith Barney further argues that there are allegations in the Amochaev case that Smith

1

Barney violated the Settlement Stipulation. Smith Barney contends that these allegations fall within this Court's exclusive jurisdiction under the terms of the Settlement Stipulation and this Court's Final Order and Judgment approving it, dated July 24, 1998. (Def. Smith Barney's Memo. of Law in Supp. of its Mot. to Reopen Matter and Enjoin Certain Martens Class Members, at 7-9, 12-15.) Smith Barney also moved in the United States District Court for the Northern District of California to transfer the Amochaev action to this Court under 28 U.S.C. § 1404(a). On September 16, 2005, that Court denied Smith Barney's motion, but indicated that it would entertain a request by Smith Barney to revisit the issue of transfer if this Court granted the present motion to enjoin the plaintiffs common to both actions from proceeding in Amochaev. (Order Denying Mot. to Transfer Venue, Ex. B to the Letter of Piper Hoffman dated September 19, 2005 ("Hoffman Letter"), at 2.)

The Court concludes that it does not have exclusive jurisdiction over the claims in the Amochaev action under either the Settlement Stipulation or the Court's Final Order and Judgment. It is true that two plaintiffs in this action, Kathryn N. Varner and Deborah Orlando, are named plaintiffs in Amochaev, and that approximately half of the 2,000 class members in Amochaev were members of the class covered in this action. The class period in this action, however, predates the beginning

2

of the class period in Amochaev by several years. The Amochaev plaintiffs further make clear that their claims are based on new violations of Title VII and California law, and that while they referred to the Martens Settlement Stipulation in their complaint, the action is not for a violation of that agreement. (Amochaev Pls.' Resp. to Smith Barney's Mot. to Reopen Matter and Enjoin Certain Martens Class Members, at 4-7; Amochaev Compl., Ex. F. to Cohen Decl., ¶¶ 20, 32-54.)

Indeed, the claims in Amochaev could not be claims under the Settlement Stipulation because they arose after the expiration of the period covered by the Settlement Stipulation. As the Amochaev plaintiffs argue, and Smith Barney does not dispute, any requirement to follow the distribution policy that was developed as part of the Settlement Stipulation expired at least a year and a half before the beginning of the class period in Amochaev. (See Letter of Piper Hoffman dated September 19, 2005 ("Hoffman Letter"), at 1; Letter of Jay Cohen dated September 22, 2005 ("Cohen Letter"); Settlement Stipulation, Ex. B to Cohen Decl., ¶¶ 8.2(1), 8.4; Amochaev Compl., Ex. F. to Cohen Decl., ¶ 20.) The United States District Court for the Northern District of California so found as well. (See Order Denying Mot. to Transfer Venue, Ex. B to Hoffman Letter, at 1.) Moreover, Smith Barney admits that the claims in Amochaev, because they arose after the class period in this action, were

3

not settled in this action and this action is not res judicata as to those claims. (See Def. Smith Barney's Reply Memo. of Law in Further Supp. of its Mot. to Reopen Matter and Enjoin Certain Martens Class Members, at 6 & n.2.)

The Final Judgment and Order in this case provides: "Without affecting the finality of this Final Order and Judgment, this Court retains exclusive jurisdiction over the implementation and enforcement of this Final Order and Judgment. Smith Barney, the named Plaintiffs and Class Representatives, and each member of the Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Final Order and Judgment or the Settlement Stipulation, except to the extent remitted by the Settlement Stipulation for resolution in a different forum." (Final Order & J. ¶ 34.) The Amochaev plaintiffs' claims concerning the distribution of accounts, however, cannot be said to be claims for the implementation or enforcement of the Final Order and Judgment. Moreover, these claims do not reasonably relate to the Final Order and Judgment or the Settlement Stipulation under the Final Order and Judgment in this case.

The Settlement Stipulation is not being enforced in Amochaev, the agreement is not a defense to the action, and the lawsuit will not require any interpretation of that agreement.

4

The fact that Smith Barney adopted its account distribution policies pursuant to the Settlement Stipulation, and continued those policies in force although not obligated by the Settlement Stipulation to do so, is insufficient to confer exclusive jurisdiction upon this Court. The two actions are only related insofar as a subject covered in the Settlement Stipulation has again come into dispute after the expiration of the period covered by the agreement. To hold otherwise would give this Court exclusive jurisdiction of discrimination actions against Smith Barney long after the terms of the Settlement Stipulation had expired so long as Smith Barney continued the same programs. That would be an unreasonable interpretation of the Final Order and Judgment.

Moreover, if Smith Barney were to prevail on this motion, then only some – perhaps half – of the Amochaev plaintiffs would be barred from continuing the action in California. While Smith Barney is correct to point out the importance of uniformity, it does not promote uniformity to have half of the class subject to exclusive jurisdiction in this Court. Because the Court has found that the claims presented in Amochaev are not covered by the Settlement Stipulation in Martens, there is no justification for preventing those plaintiffs in that action who were also members of the class in this action from proceeding with their

5

new and distinct claims in the appropriate forum of their choice.

## CONCLUSION

For the foregoing reasons, Smith Barney's motion to enjoin certain plaintiffs in this action from pursuing the Amochaev action in the United States District Court for the Northern District of California is **DENIED**.

**SO ORDERED.**

**Dated: New York, New York
October 7, 2005**

_____
John G. Koeltl
United States District Judge